By the Court.
The petitioner claims that his imprisonment is unlawful, for the reason, as he alleges, that the act of 1875, under which the order of commitment was made, is void.
The extradition of fugitives from justice, as between the states of the Union, as provided in section 2, article 4, of the constitution of the United States, is subject to the control of the congress of the United States; and congress having legislated on the subject, it is contended that the state legislature is without power in the premises.
’Admitting that it is not within the power of the state legislature to make provisions in conflict with the laws of congress on the subject, it is quite clear that state legislation in aid of congressional enactments is not objectionable:
The act of congress approved February 12, 1793, re-enacted in 1873 (U. S. Rev. Stats., § 5278), provides that, in certain cases, the executive authority of a state, to which a person charged with the commission of crime in another state shall have fled, shall cause such fugitive “ to be arrested and secured,” and cause such fugitive to be delivered to the agent of the executive authority of the state demanding his extradition.
The means by which the fugitive is “ to be arrested and secured” are not provided by the act of congress; hence the legislature of a state may and should provide proper and adequate means and facilities for the accomplishment of such extradition.
The act of our general assembly of March 23,1875, in so far as its operation is complained of in this case, is not in conflict with the constitution of the United States, or of the laws of congress.
The writ will therefore be refused.